**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2123**

TRI EFENDY BUDIONO,

    Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 17, 2009    Decided: May 21, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

H. Raymond Fasano, MADEO & FASANO, New York, New York, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Carol Federighi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tri Efendy Budiono, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Budiono claims there is a pattern or practice of persecution in Indonesia against Christians and non-Muslims who are ethnic Chinese. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a)(1) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

"Applicants bear the burden of proving eligibility for asylum." Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008). An alien can establish his eligibility for asylum by proving he has a well-founded fear of

2

future persecution on a protected ground. 8 C.F.R. § 1208.13(b)(2) (2008); Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The alien need not show he would be individually targeted for persecution if he shows there is "a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b)(2)(iii) (2008). To be a pattern or practice of persecution, it must be "systemic, pervasive or organized." Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004).

A determination regarding eligibility for asylum will be affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006). We will reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted). Because the Board added its own reasoning when it adopted the immigration judge's decision, this court

will review both decisions.  <u>Niang v. Gonzales</u>, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find the evidence does not compel a different result.  Substantial evidence supports the Board's finding that Budiono did not meet his burden of proof by showing a systemic or organized movement by the Indonesian government or Muslims to persecute ethnic Chinese or non-Muslims.  We further note the Board was not obligated to determine whether or not ethnic Chinese were a disfavored group, as that term is used in <u>Sael v Ashcroft</u>, 386 F.3d 922, 925-27 (9th Cir. 2004).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4